# EXHIBIT E

CAUSE NO. 2021CI17456

| | | |
|---|---|---|
| **JANELLE PLUMMER** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| | § | |
| **VS.** | § | |
| | § | **45TH JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **WITTY YETI, LLC** | § | |
| **and JOHN DOE,** | § | |
| *Defendants.* | § | **BEXAR COUNTY, TEXAS** |

## PLAINTIFF'S MOTION TO STRIKE DEFENDANT WITTY YETI, LLC'S SPECIAL APPEARANCE

Plaintiff, JANELLE PLUMMER ("**Plaintiff**") files this Motion to Strike Defendant Witty Yeti, LLC's Special Appearance ("**Motion to Strike**") and would respectfully show the court as follows:

### PROCEDURAL HISTORY

1.     On or about  August 25, 2021, Plaintiff filed its Original Petition against Defendants, Witty Yeti, LLC and John Doe (collectively referred to as the "**Defendants**") alleging intentional infliction of emotional distress and negligence for John Doe ordering an offensive package from Defendant Witty Yeti, LLC ("**Defendant Witty**")  to be delivered to Plaintiff.

2.     On September 24, 2021, Plaintiff served Defendant through its registered agent, Jonathan Pennington, JLS Publishing, LLC, located at 5301 Terminal Street, Charlotte, North Carolina 28208, a copy of  Plaintiff's Original Petition. (*See* Exhibit "A").

3.      On October 5, 2021, Defedant Witty filed a Special Appearance ("**Special Appearance**") arguing that Texas does not have jurisdiction over Defendant Witty claiming insufficient contacts with Texas. (*See* Exhibit "B").

4.      Defenadant Witty filed its Special Appearace despite the fact that it sell sit's products to Texas residents through its website and sends its products to Texas residents.

5.      Further, Defendant Witty's Special Appearance is deficient because anytime a defendant in a lawsuit files a special appearance, it must ask the court and secure a hearing within a reasonable time for the special appearance. *Bruneio v. Bruneio*, 890 S.W.2d 150 (Tex.App.—Corpus Christi 1994, no writ).

6.       As of this date, Defendant Witty  has yet to secure a hearing to present its evidentiary facts to support its Special Appearance.  Therefore, Plaintiff requests that this Court grant its Motion to Strike Defendant's Special Appearance.

## ARGUMENT AND AUTHORITIES

### a.      Plaintiff's Motion to Strike should be granted since Defendant Witty failed to secure a hearing date on its Special Appearance.

7.      Defendant's Special Appearance should be striken given that Defendant has not secured a hearing with this Court. *Bruneio v. Bruneio*, 890 S.W.2d at 150. It is the specially appearing defendant's responsibility timely to request a hearing and secure a ruling on the preliminary question of personal jurisdiction. *Bruneio*, 890 S.W.2d at 154. The specially appearing defendant must not only request a hearing, but specifically call that request to the trial court's attention. 890 S.W.2d 150, 154.  A defendant waives its special appearance by not timely pressing for a hearing thereon. *Steve Tyrell Productions, Inc. v. Ray,* 674 S.W.2d 430, 436–37 (Tex.App.—Austin 1984, no writ); *see also Brown v. Brown,* 520 S.W.2d 571, 575 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ dism'd) (defendant's failure to set a hearing on his special appearance and present facts

showing the court's want of jurisdiction can be construed as a waiver of the special nature of his appearance, so that it amounted to a submission to the court's jurisdiction). *Bruneio*, 890 S.W.2d at 154.

###### b. <u>Defendant Witty failed to secure a hearing date, therefore has made a general appearance in the lawsuit.</u>

8.      As mentioned above, Defendant Witty failed to secure a hearing date on its Special Appearance.  If a defendant fails to secure hearing on the special appearance, it waives the special appearance and effectively makes a general appearance in the lawsuit. 890 S.W.2d at 154. Furthermore, a defendant's failure to set a hearing on the special appearance and  present facts showing the court's want of jurisdiction can be construed as waiver of the special nature of his appearance, so that it amounted to a submission to the court's jurisdiction. *Id*. at 154.

9.      Since Defendant Witty failed to secure a hearing date in its Special Appearance, Defendant Witty waived any special appearance argument and has made a general appearance in this lawsuit. As such, this Court should grant Plaintiff's Motion to Strike.

###### c. <u>Defendant Witty failed to file an affidavit with the Special Appearance providing evidentiary support for the factual allegations.</u>

10.     In addition, Defendant Witty failed to provide admissible evidence in its Special Appearance affidavits to support  the factual allegations alleged in its Special Appearance. (*See* Exhibit "B").

11.     While Defendant Witty included a generic affidavit of Johnathon Pennington for its Special Appearance, it failed to include any factual language. (*See* Exhibit "B"). Instead, Defendant Witty's affidavit generally concludes that the "foregoing factual statements contained within Section III of the Defendant Witty Yeti, LLC's Special Appearance, are true and correct…" (*See* Exhibibt B"). Given that the affidavit fails to include specific facts that would be admissible evidence for the Special Appearance hearing, Defendant Witty has failed to meet its burden.

**d.  <u>Defendant Witty is utillitizing its filing of the special appearance as a tactical means of postponing its answer in the lawsuit.</u>**

12.  Furthermore, Defendant Witty is utilizing the filing of its Special Appearance without setting a hearing date on the matter as a tactical means of postponing its Answer in the lawsuit.

13.  Counsel for Plaintiff, had a conversation with counsel for Defendant Witty in September of 2021, whereby opposing counsel indicated it would work with Plaintiff as far as providing the name of the individual who sent an inapproiate package to Plaintiff. However, instead of providing Plaintiff any type of follow-up, it filed this Special Appearance. At this stage of the lawsuit, Plaintiff can only conclude that Defendant Witty filed this Special Appearance and intentionally failed to request a hearing date as a tactical means of delaying its Answer to  Plaintiff's Original Petition.

14.  For these reasons, this Court should grant Plaintiff's Motion to Strike.

<b>REQUEST FOR RELIEF</b>

Plaintiff, JANELLE PLUMMER, respectfully requests that this Court:

a.  Strike Defendant Witty's Special Appearance;

b.  Award attorney's fees to Plaintiff for having to file this Motion to Strike due to Defendant Witty's frivolous and unfounded filing of the motion; and

c.  For such other and further relief, general or special, at law or in equity to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

**CUBETA LAW GROUP, PLLC**

By: _ /s/ Kelli Cubeta_
    KELLI CUBETA
    Texas Bar No. 24040746
    Email: Kelli.Cubeta@cubetalaw.com
    ELIZABETH ASSUNTO GERMANY
    Texas Bar No. 24079685
    Email: Liz.Germany@cubetalaw.com
    322 Martinez Street
    San Antonio, Texas 78205
    Telephone: (210) 934-4500

**ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing instrument has been forwarded in the required manner and in accordance with the Texas Rules of Civil Procedure, including by electronic service, to the entity, individual, or its attorneys of record on this 7 day of October, 2021.

_/s/ Elizabeth Assunto Germany_
Elizabeth Assunto Germany

# EXHIBIT "A"

## AFFIDAVIT OF SERVICE

| Case: 2021CI17456 | Court: IN THE DISTRICT COURT Bexar County - 45th District Court | County: Bexar | Job: 6151046 |
|---|---|---|---|
| Plaintiff / Petitioner: JANELLE PLUMMER | | Defendant / Respondent: WITTY YETI, LLC and JOHN DOE | |
| Received by: Process Servers of the Carolinas | | For: Cubeta Law Group | |
| To be served upon: Witty Yeti Registered Agent for JLS Publishing, LLC | | | |

I, Kathy Broom, being duly sworn, depose and say: I am over the age of 21 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:   Jonathan Pennington, Registered Agent, Witty Yeti Registered Agent for JLS Publishing, LLC, Company: 5301 Terminal St, Charlotte, NC 28208

Manner of Service:   Registered Agent, Sep 24, 2021, 1:59 pm EDT

Documents:   Citation (Received Sep 22, 2021 at 5:35pm EDT), Plaintiffs Original Petition (Received Sep 22, 2021 at 5:35pm EDT)

### Additional Comments:

1) Unsuccessful Attempt: Sep 23, 2021, 1:47 pm EDT at Company: 5301 Terminal St, Charlotte, NC 28208
The registered agent was not there . I spoke to him(Jonathan Pennington 980-333-8357 on the phone . I will return tomorrow between 10am and 4pm

2) Successful Attempt: Sep 24, 2021, 1:59 pm EDT at Company: 5301 Terminal St, Charlotte, NC 28208 received by Jonathan Pennington, Registered Agent, Witty Yeti Registered Agent for JLS Publishing, LLC. Age: 35; Ethnicity: Caucasian; Gender: Male; Weight: 200; Height: 6'; Hair: Black;
Beard Gkasses

Kathy Broom                                    9/27/2021

Kathy Broom                           Date

Process Servers of the Carolinas
P.O. Box 33034
Charlotte, NC 28233
980-287-1100

Subscribed and sworn to before me by the affiant who is personally known to me.

Notary Public

9/27/2021                           11/12/2023

Date                           Commission Expires

WESLEY S. HENSON
NOTARY PUBLIC
MECKLENBURG COUNTY NC

FILED
8/25/2021 10:37 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Martha Medellin

Case 5:21-cv-00966   Document 1-5   Filed 10/11/21   Page 9 of 27IT PPS   W JD

# 2021CI17456

## CAUSE NO. _____

| | | |
|---|---|---|
| JANELLE PLUMMER<br>*Plaintiff,* | §<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT<br><br><br>Bexar County - 45th District Court |
| VS. | §<br>§<br>§ | _____ JUDICIAL DISTRICT |
| WITTY YETI, LLC<br>and JOHN DOE,<br>*Defendants.* | §<br>§<br>§<br>§ | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Plaintiff, JANELLE PLUMMER and files this Original Petition against Defendants, WITTY YETI, LLC and JOHN DOE (collectively referred to as the "**Defendants**") as follows:

## I.    DISCOVERY CONTROL PLAN

1.    Discovery in this case is intended to be conducted under Level 3 pursuant to Texas Rules of Civil Procedure 190 and 190.4.

## II.    PARTIES AND SERVICE

2.    Plaintiff, JANELLE PLUMMER ("**Plaintiff**"), is a Texas individual, and may be served with notice through her attorney, CUBETA LAW GROUP, PLLC, 322 Martinez Street, San Antonio, Texas 78205.

3.    Defendant, WITTY YETI, LLC ("**Witty Yeti**" or "**Defendant Witty**"), is a North Carlolina limited liability company, and may be served with notice through its registered agent, JLS PUBLISHING, LLC, located at 5301 Terminal Street, Charlotte, North Carolina 28208.

4.      Defendant, JOHN DOE, ("**John Doe**" or "**Defendant Doe**") is the individual that ordered the offensive product from Defendant Witty and paid for it to be delivered to Plaintiff Plummer. Defendant John Doe will be served when the name and identity of John Doe is discovered.

### III.      JURISDICTION AND VENUE

5.      This Court has jurisdiction because the amount in controversy exceeds the Court's minimum jurisdictional requirements.

6.       Venue in Bexar County is property under the Texas Civil Practice and Remedies Code Section 15.002 because all or substantial part of the events, acts or omissions giving rise to Plaintiff's claims occurred in Bexar County, Texas.

### IV.      MONETARY RELIEF SOUGHT

7.      Plaintiff seeks damages within the jurisdictional limits of the court and monetary relief of of $250,000 or less excluding interest, statutory or punitive damages and penalties and attorney fees and costs.

### V.      BACKGROUND FACTS

8.      For the past four (4) years, Plaintiff has diligently served as a human resources executive for a San Antonio-based company. Amongst other duties, Plaintiff oversees employee relations, policies, and training in her role.  Plaintiff is a well-respected employee amongst her collegues.

9.      Defendant Witty is a company that offers its customers the opportunity to "take your pranks to the next level" by sending offensive, lewd, and embarrassing items to "friends" with the intention of embarrassing the recipient upon delivery with the package contents.

10.      In short, the packaging on Defendant's prank items, make it appear that the recipient ordered an item from an embarrassing website when in fact the recipient has no knowledge that the item was even ordered.

11.    Oddly, Defendant Witty offers its customers the option to remain anymous to the recipient despite the fact that Defendant Witty's website purports to encourage the offensive items to be delivered to the sender's "friends."

12.    Like any other online-ordered product, Defendant Witty's customers order an offensive product directly from Defendant Witty's website and provides Defendant Witty with the intended recipient's name and delivery address.

13.    On or about July 19, 2021, Plaintiff received a package from Defendant Witty at her place of work in San Antonio, Texas. Upon delivery of the package from Defendant Witty, Plaintiff was unaware of the package contents and opened the package in front of multiple business collegues. To Plaintiff's surprise, the package was not was she expected and was highly inappropriate and humiliating, especially in an office setting.  No name or contact information to identify the sender was included in the package from Defendant Witty.

14.  Since receiving the package, Plaintiff has been in constant fear for her own safety as well as the safety of her family.  Plaintiff is terrified that Defendant Doe, the sender of the offensive package, will escalate his or her harassing actions and cause physical harm to Plaintiff and/or her family.

15.    Prior to filing this lawsuit, Plaintiff contacted Defendant Witty on multiple occassions explaining the fear and harassment Plaintiff experienced and continues to endure.  Despite being aware of the harm and damage caused to Plaintiff, Defendant Witty has chosen to refuse to provide Defendant Doe's name to Plaintiff in order to protect the privacy of Defendant Doe -- the individual that cowardly purchased offensive items to be delivered to Plaintiff for the sole and intended purpose of humiliating and harassing her.

## VI.    CAUSES OF ACTION

### A.    INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

16.    Plaintiff re-alleges and incorporates by reference the preceding paragraphs for all purposes the same as if set forth verbatim.

17.    As previously mentioned, Defendants' conduct caused Plaintiff emotional distress, which was only excerabated after Defendant Witty chose to refuse to disclose DefendantDoe's name to Plaintiff. Since Defendants' delivery of the offensive items, Plaintiff has been unable to fully function in her every-day life as she did prior to the delivery. Plaintiff is in fear for her own safety as well as the safety of her family.

18.    Specifically, the Defendants acted intentionally or recklessly when the item was ordered and delivered to Plaintiff with the intended purpose of harassing Plaintiff.  Defendants' conduct was extreme and outrageous by sending such offensive items to Plaintiff's place of work. Defendants' conduct has caused Plaintiff emotional distress and Plaintiff's emotional distress is severe.  As a result of Defendants' actions, Plaintiff has suffered damages and Defendants should be held accountable for their intentional actions.

### B.    NEGLIGENCE

19.    Plaintiff re-alleges and incorporates by reference the preceding paragraphs for all purposes the same as if set forth verbatim.

20.    Pleading further, and in the alternative if necessary, through Defendant Witty's improper withholding of Defendant Doe's identity, Defendant Witty was negligent and Defendant Witty's actions and inactions violated the standard of care which fell below the applicable standard of care owed to Plaintiff. Specifically, Defendant Witty  owed a duty to Plaintff to disclose Defendant Doe's identity once Defendant Witty was aware of the damage and harm caused by the package.

However, when Defendant Witty refused to disclose this information, Defendant Witty was negligent which was the proximate cause of damages sustained by Plaintiff.

## VII.   <u>CONDITIONS PRECEDENT</u>

21.      All conditions precedent to filing this suit have occurred.

## VIII.   <u>PLAINTIFF'S CLAIM FOR ATTORNEY'S FEES</u>

22.      Defendants' conduct as described herein and the resulting damage and loss to Plaintiff have necessitated Plaintiff's retention of the attorney whose name is subscribed below.  Pursuant to Texas Civil Practice and Remedies Code §38.001 and §134.005(b), Plaintiff seeks the recovery of her reasonable and necessary attorney's fees from Defendants.  Plaintiff is therefore entitled to recover from Defendants an additional sum to compensate Plaintiff for a reasonable fee for necessary attorney services in the preparation and prosecution of this action, as well as reasonable fees for any and all necessary appeals to other courts.

## IX.   <u>PRAYER AND REQUEST FOR RELIEF</u>

19.      For the forgoing reasons, Plaintiff requests that upon final trial or other disposition of this lawsuit, Plaintiff has and recovers judgment against Defendants for the following:

(a)      all damages requested;

(b)      reasonable and necessary attorney's fees;

(c)      pre-judgment and post-judgment interest as provided by law;

(d)      costs of court;

(e)      actual and exemplary damages; and

(f)      such other and further relief, at law or in equity, to which Plaintiff is justly entitled.

Respectfully submitted,

**CUBETA LAW GROUP, PLLC**

By: _/s/ Kelli Cubeta_
KELLI CUBETA
Texas Bar No. 24040746
Email: Kelli.Cubeta@cubetalaw.com
ELIZABETH ASSUNTO GERMANY
Texas Bar No. 24079685
Email: Liz.Germany@cubetalaw.com
322 Martinez Street
San Antonio, Texas 78205
Telephone: (210) 934-4500

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT "B"

## CAUSE NO. 2021CI17456

| | | |
|---|---|---|
| **JANELLE PLUMMER** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| **v.** | § | |
| | § | **45TH JUDICIAL DISTRICT** |
| **WITTY YETI, LLC and** | § | |
| **JOHN DOE** | § | |
| *Defendants.* | § | |
| | § | **BEXAR COUNTY, TEXAS** |

---

### DEFENDANT WITTY YETI, LLC, SPECIAL APPEARANCE

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

Witty Yeti, LLC ("Witty"), a Defendant in this cause, makes this special appearance under the authority of Texas Rule of Civil Procedure 120a for the purpose of objecting to the jurisdiction of the Court over the person and property of the defendant, and as grounds shows the following:

### I.   PRELIMINARY STATEMENT

Janelle Plummer, Plaintiff, filed this lawsuit asserting intentional inflection of emotional distress and Negligence claims against Witty, a North Carolina company. Witty's business operations include the selling of gag-gifts online.  Plaintiff's allegations assert that in July 2021, she received a package from John Doe purchased from Witty. Plaintiff does not assert Witty regularly conducts business in Texas or has contacts in Texas sufficient for this Court to overcome Witty's Due Process rights and confer jurisdiction on Witty.

Witty does not know Plaintiff and has no contacts with Plaintiff or John Doe besides this trivial transaction. Witty does not have any meaningful contacts, ties, or relations with the State of Texas. The Due Process Clause of the United States Constitution guarantees that a party cannot be bound by the judgment of a forum with which the party has established no meaningful contacts, ties,

or relations. *National Indus. Sand. Ass'n v. Gibson*, 897 S.W.2d 769, 772 (Tex. 1995). Therefore, this Court must dismiss all causes of action against Witty Yeti, LLC for lack of jurisdiction.

## II.   PURPOSE OF SPECIAL APPEARANCE

This special appearance is made to the entire proceeding. This special appearance is presented pursuant to Rule 120a of the Texas Rules of Civil Procedure and is filed before any motion to transfer or any other plea, pleading, or motion filed by Defendant.

## III.   SWORN FACTS

Defendant Witty is a prank gift company located in Charlotte, North Carolina. Witty is an LLC organized under the laws of North Carolina. Witty does not have any members domiciled in the State of Texas. It is not a Texas Resident, does not have any place of business in Texas, and does not engage in business in the State of Texas. Witty did not engage in any transaction with Plaintiff. Witty did not enter into any contract by mail or otherwise with Plaintiff or require performance of any contract in whole or in part in Texas; Witty did not commit any tort in whole or in part in Texas; and Witty did not recruit Plaintiff, directly or through an intermediary located in Texas, for employment inside or outside the state. *See* Tex. Civ. Prac. & Rem. Code § 17.042.

Specific to Plaintiff's pleadings, Plaintiff complains of emotional injuries sustained in July of 2021 when she received a package from John Doe, allegedly purchased through Witty's website. Plaintiff did not allege any acts or omissions of Witty took place in Texas. Plaintiff did not assert that she had conducted any transaction with Witty in Texas (or anywhere).

Witty completes all of its transactions in North Carolina. Witty mails products from North Carolina at its customers expense and direction. Witty did not sell any product to Plaintiff. Witty did not make any representations to Plaintiff. Witty did not and does not have any contractual or

other relationship with Plaintiff.

## IV.    AUTHORITY FOR DISMISSAL

### A. Generally

The defendant must negate all grounds for personal jurisdiction alleged in the plaintiff's petition. *Old Republic Nat'l Title Ins. V. Bell*, 549 S.W.3d 550, 559 (Tex. 2018). Defendant accomplishes this by pleading and proving that (1) it is not a Texas resident, (2) it did not have minimum contacts with Texas, and (3) even if it had some contacts with Texas, the exercise of jurisdiction would offend the traditional notion of fair play and substantial justice. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 793 (Tex. 2002). Once the defendant produces sufficient evidence negating jurisdiction, the burden shifts to the plaintiff to show that the court has jurisdiction over the defendant. *M.G.M. Grand Hotel, Inc. v. Castro*, 8 S.W.3d 403, 408 (Tex. App.—Corpus Christi, 1999, no pet.).

### B.    Witty Yeti, LLC is Not a Resident of Texas

It is undisputed that Witty Yeti, LLC is not a Texas resident. *See Plaintiff's Original Petition* (the "Petition"), which is filed with the Court and incorporated by reference herein. Plaintiff did not assert that Witty committed any act or acts in Texas or that Witty's alleged act or acts outside of Texas had reasonably foreseeable consequences in Texas. *Kelly v. General Interior Constr., Inc.*, 301 S.W.3d 653, 658-59 (Tex. 2010).

### C.    Witty Yeti, LLC did Not have Minimum Contact with Texas

Witty did not have sufficient minimum contacts with Texas to confer jurisdiction on Texas courts. *Guardian Royal Exch. Assur., Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 226-227 (Tex. 1991); *In the Interest of T.J.W.*, 336 S.W.3d 267, 269 (Tex. App.—San Antonio 2010, no pet.)

("In order for a nonresident defendant to have purposely established 'minimum contacts' with Texas, a substantial connection must exist between the nonresident defendant and Texas arising from action or conduct of the nonresident defendant purposefully directed toward Texas.").

A defendant must show that (1) it did not purposefully avail itself of the privilege of conducting activities *within* Texas and (2) any contacts it may have had with Texas do not give rise to specific or general jurisdiction. *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 575-76 (Tex. 2007); *Commonwealth Gen. Corp v. York*, 177 S.W.3d 923, 925 (Tex. 2005); *BMC Software*, 83 S.W.3d at 795; *Guardian Royal*, 815 S.W.2d at 227-28.

### 1.     No Purposeful Availment

The purposeful-availment analysis seeks to determine whether a nonresident defendant's conduct and connection to Texas are such that the defendant could reasonably anticipate being brought into court there. *Searcy v. Parex Res.*, 496 S.W.3d 58, 67 (Tex. 2016); *Moncrief Oil Int'l v. OAO Gazprom*, 414 S.W.3d 142, 152 (Tex. 2013). The court must only consider (1) the defendant's contacts with Texas, (2) whether the defendant's acts were purposeful rather than random, fortuitous, or attenuated, and (3) whether the defendant sought some benefit, advantage, or profit by availing itself to the jurisdiction. *Old Republic Nat'l Title*, 549 S.W.3d at 559.

Importantly, the unilateral activity of another party or third person cannot be utilized to confer jurisdiction on a defendant. *Drugg*, 221 S.W.3d at 575; *Michiana*, 168 S.W.3d at 784-85. Witty had mere knowledge that it was sending a package to Texas. However, mere knowledge is not enough.  There must also be evidence that the defendant had the intent or purpose to serve the Texas market without regard to the unilateral activities of another. *Spir Star AG v. Kimich*, 310 S.W.3d 868, 873 (Tex. 2010).

Witty did not intend to serve the Texas market. Witty does not design any of its products

specifically for the Texas market, it did not specifically advertise the products in Texas or to Plaintiff, and it did not establish any channels of regular communication with Texas customers. *See Drugg*, S.W.3d at 577 (holding "the mere sale of a product to a Texas resident will not generally suffice" to establish jurisdiction; "fact alleged must indicate that the seller intended to serve the Texas market").

Even if Plaintiff had, it would not be sufficient to confer personal jurisdiction over Witty. *In Riverside Exps., Inc. v. B.R. Crane & Equip., LLC*, the plaintiff, a Texas resident, purchased equipment from a nonresident defendant and then sued the defendant in Texas. 362 S.W.3d 649, 652 53 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). That plaintiff relied on email correspondence and a return of deposit to Texas to suggest the out-of-state defendant purposefully availed itself to Texas. *Id.* The court disagreed, holding those contacts were not sufficient to show purposeful availment. Similar here, Witty's only connection with Texas would be a single spontaneous transaction, that if true, would have originated and completed in North Carolina. This spontaneous transaction is not of the sort, similar to the plaintiff in *B.R. Crane & Equip., LLC,* to confer jurisdiction over Witty.

## 2.     Insufficient Texas Contacts

Purposeful availment, alone, is not sufficient to establish specific jurisdiction. *Moulton v. Shane*, No. 04-18-00338-CV, 2018 Tex. App. LEXIS 10181, at \*7 (Tex. App.—San Antonio Dec. 12, 2018, no pet.) (citing *Retamco Operating, Inc. v. Republic Drilling Co*., 278 S.W.3d 333, 340 (Tex. 2009)).

### (a)   Specific Jurisdiction: Plaintiff's Causes of Action, As Alleged, Did Not Arise from or Relate to Witty's Contacts with the Texas.

Plaintiff asserts two causes of action against Witty:  intentional infliction of emotional distress

and negligence arising from Witt's refusal "to disclose Defendant Doe's name to Plaintiff." Plaintiff fails to assert any tort or cause of action arising from Witty's alleged contacts with Texas. Plaintiff fails to actually identify any specific contacts Witty allegedly had with the State of Texas. Instead, Plaintiff asserts that the out-of-state company owed her a duty to disclose private customer information.

In evaluating whether Plaintiff's causes of action "arise from or relate to" Witty's contacts with Texas, the Court needs to hold that Witty's contacts were substantially connected to the operative facts of the litigation. *M&F Worldwide Corp. v. Pepsi-Cola Metro. Bottling Co.*, 512 S.W.3d 878, 890 (Tex. 2017). If Witty's contacts are not substantially connected to the operative facts of the litigation, the court cannot exercise specific jurisdiction, regardless of the extent of the Witty's unconnected activities in Texas. *Bristol-Myers Squibb*, 137 S.Ct. 1773, 1781 (2017).

Plaintiff's operative facts allege Witty, despite not having any duty to do so, was negligent by failing to disclose the name of the North Carolina purchaser and, by failing to disclose this name, Witty somehow caused her to suffer intentional emotional distress. Without getting into the merits of Plaintiff's causes of action, Plaintiff failed to identify the contacts Witty had with Texas, and how those contacts were substantially connected to Plaintiff allegedly being in fear for her own safety as well as the safety of her family. Critically, Plaintiff pleads that Bexar County is the proper venue, because it is apparently in Bexar County where the "events or omissions giving rise to the claim occurred." Plaintiff did not plead any events or allegations involving any conduct from Witty within Bexar County (or Texas). Plaintiff failed to establish why Witty, an out-of-state company, should be pulled into a Bexar County court.

Witty's involvement in this matter is akin to the defendant in *Michiana Easy Livin' Country, Inc. v. Holten*. 168 S.W.3d 777 (Tex. 2005). In *Michiana*, plaintiff sought out an Indiana company to

purchase an RV. *Id.* at 787-88. The RV was constructed, equipped, and paid for outside Texas and was shipped by the defendant to Texas at the plaintiff's request and expense. *Id.* The Texas Supreme Court held that the defendant's involvement was insufficient to confer specific jurisdiction over defendant.

The specific issue in *Michiana* was whether the plaintiff's claims of misrepresentations made via phone between the parties was sufficient to establish personal jurisdiction. The contract, and phone call were not enough. The Texas Supreme Court, applying U.S. Supreme Court precedent, held that a single contract with a Texas resident "clearly" cannot automatically establish jurisdiction. *Id.* at 786 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 n.18 (1985)) Another example can be found in *Moki Mac River Expeditions v Drugg*. The *Drugg* defendant, a Utah-based river-rafting company sold river-rafting trips in Arizona and was sued in Texas following the death of a Texas child during one of the trips. 221 S.W.3d at 573. The plaintiff learned of the trip through a family friend. Nonetheless, the defendant directed marketing efforts to Texas by mailing brochures to Texas residents, took an advertisement out in the *Austin Chronicle*, and among other things, paid a Houston travel agency to promote the Arizona trips. *Id.* at 577-78. While the Texas Supreme Court recognized there were sufficient contacts to avail the defendant, it was not enough. *Id.* at 588. The Court held that the defendant's contacts with the State of Texas were "simply too attenuated to satisfy specific jurisdiction's due process concerns" because the operative facts of litigation did not have any relationship to the defendant's promotional activities in Texas. *Id*.

In the instant matter, Plaintiff failed to assert even one contact between herself and Witty to establish specific jurisdiction. Plaintiff has failed to demonstrate, or even allege, that Witty engaged in marketing and selling to Texas residents. Assuming arguendo Plaintiff were to amend her petition

and allege such manufactured facts, these "facts" would still be insufficient to confer jurisdiction to Bexar County. Specifically, Plaintiff must assert that the operative facts of litigation are sufficiently related to Witty's alleged contacts. Plaintiff has not done so and cannot do so. Witty did not have continuous or systematic contacts with Texas. Thus, the Court is without specific jurisdiction.

**(b)  General Jurisdiction: Witty Did Not Have Continuous or Systematic Contacts with Texas.**

General jurisdiction is negated if an entity establishes that is not organized under the laws of Texas, that it does not have its principal place of business in Texas, and that this is not an exceptional case in which the defendant's alleged contacts are so substantial as to render it "at home" in Texas. *See generally BNSF Ry. V. Tyrell*, 137 S.Ct. 1549 (2017). *See also Daimler AG v. Bauman*, 571 U.S. 117, 135 (2014); *Michelin N. Am., Inc. v. De Santiago*, 584 S.W.3d 114, 125- 26 (Tex. App.—El Paso 2018, pet. dism'd) (holding that "absent exceptional circumstances," a defendant entity "was deemed to be at home for general jurisdiction purposes only in either (1) the state where it is incorporated or (2) the state in which it is headquartered").

It is undisputed that Witty is a North Carolina entity and that it does not have any place of business in the State of Texas. It is undisputed that Witty is not formed under the processes of the Texas Secretary of State or under the laws of Texas. Plaintiff fails to assert that Witty conducts business in Texas. Plaintiff failed to make this assertion because Plaintiff is without evidence of jurisdiction. *Searcy*, 496 S.W.3d at 66 ("The plaintiff bears the initial burden of pleading allegations that suffice to permit a court's exercise of personal jurisdiction over the nonresident defendant."). Even if Plaintiff were to amend her petition to generally assert some type of business activity of Witty in Texas, Plaintiff's assertion, without more, would not sufficient to establish general jurisdiction. Plaintiff does not assert any facts that suggest Witty is "at home" in Texas.

**D.  The Exercise of Jurisdiction is Unfair and Offends the Traditional Notions of Fair Play and Substantial Justice.**

Witty is not a Texas resident and does not have sufficient contacts with Texas. Therefore, if the Court were to exercise jurisdiction over Witty, it would be inconsistent with the constitutional requirements of due process. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Moncrief Oil Int'l*, 414 S.W.3d at 154; *Spir Star*, 310 S.W.3d at 878-79; *Guardian Royal*, 815 S.W.2d at 231. It is improper to make Witty defend a lawsuit in a state where it not a resident nor actively engages in business.

Witty did not initiate any contact with Plaintiff. Witty did not transact with Plaintiff. Emphatically, Witty did not avail itself to Texas or conduct activities to invoke the benefits and protections of Texas law. *See Retamco Operating, Inc. v. Republic Drilling Co.*, 278 S.W.3d 333, 335 (Tex. 2009) ("A defendant establishes minimum contacts with a state when it purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws."); *Riverside Exps., Inc. v. B.R. Crane & Equip., LLC*, 362 S.W.3d 649, 652 (Tex. App.— Houston [14th Dist.] 2011, pet denied) ("A Texas court's exercise of personal jurisdiction over a nonresident satisfies state statutory and federal due-process requirements if the nonresident has minimum contacts with Texas and the exercise of personal jurisdiction over the nonresident does not offend traditional notions of fair play and substantial justice. The minimum-contacts requirement is satisfied when the nonresident purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws.") (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)); *Drugg*, 221 S.W.3d at 575 ("Personal jurisdiction is proper when the nonresident defendant has established minimum contacts with the forum state, and the exercise of jurisdiction comports with 'traditional notions of fair play and substantial justice.'") (citing *Int'l Shoe Co*, 326 U.S. at 316).

## V.     CONCLUSION AND PRAYER

All claims against Defendant Witty Yeti, LLC must be dismissed since the court is without jurisdiction over the Defendant.  Witty Yeti, LLC is not a Texas resident, did not have minimum contacts with Texas, and even if it had some contacts with Texas, the exercise of jurisdiction would offend the traditional notion of fair play and substantial justice—especially since any alleged contacts are not related to the operative facts asserted by Plaintiff.

Plaintiff did not plead or establish any privity between her and Witty Yeti, LLC. Plaintiff did not plead or establish a single contact between Witty Yeti, LLC and the State of Texas. The Court must preserve Witty Yeti, LLC's due process as guaranteed by the Constitution of the United States and give proper weight to U.S. Supreme Court and Texas Supreme Court precedent. As clear as a Texas eight-second ride, Plaintiff has not and cannot establish general or specific personal jurisdiction over Witty Yeti, LLC.

For these reasons, Defendant Witty Yeti, LLC request that the Court set this motion for hearing on notice to Plaintiff, and after that hearing, the court grant this motion and dismiss Plaintiff's entire cause of action for want of jurisdiction.

Respectfully Submitted,

**GRABLE GRIMSHAW MORA PLLC**
*/s/ Brandon J. Grable*
**BRANDON J. GRABLE**
Texas State Bar No. 24086983
brandon@ggm.law
**AUSTIN M. REYNA**
Texas State Bar No. 24118645
austin@ggm.law
1603 Babcock Road, Suite 280
San Antonio, Texas 78229
Telephone: (210) 963-5297
Facsimile: (210) 641-333
**COUNSEL FOR DEFENDANT**
**WITTY YETI, LLC.**

## <u>CERTIFICATE OF SERVICE</u>

In compliance with Texas Rule of Civil Procedure 21a (e), I, Brandon J. Grable, certify that on 5th day of October, 2021, a true and correct copy of the foregoing document filed electronically with the clerk of the Court in accordance with Texas Rule of Civil Procedure 21 (f)(1), is served on the party or attorney electronically pursuant to Texas Rule of Civil Procedure 21a (a)(1), or if the email address of the party or attorney is not on file with the electronic filing manager then service is accomplished pursuant to Texas Rule of Civil Procedure 21a (a)(2). The following parties or attorney(s) are served with the foregoing document:

**Kelli Cubeta**
**Elizabeth Germany**
Cubeta Law Group, PLLC
322 Martinez Street
San Antonio, Texas 78205
Tel.: (210) 934-4500
*Counsel for Plaintiff*

*/s/ Brandon J. Grable*
**BRANDON J. GRABLE**

**CAUSE NO. 2021CI17456**

| | | |
|---|---|---|
| **JANELLE PLUMMER** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| **v.** | § | |
| | § | **45TH JUDICIAL DISTRICT** |
| **WITTY YETI, LLC and** | § | |
| **JOHN DOE** | § | |
| *Defendants*. | § | |
| | § | **BEXAR COUNTY, TEXAS** |

**UNSWORN DECLARATION IN LIEU OF VERIFICATION UNDER TEXAS CIVIL PRACTICE AND REMEDIES CODE SECTION 132.001**

| | |
|---|---|
| STATE OF NORTH CAROLINA | § |
| | § |
| COUNTY OF MECKLENBURG | § |

My name is Johnathan Pennington. My date of birth is May 20, 1987. My business address is 5301 Terminal St., Charlotte, NC 28208.

I am the COO JLS Publishing LLC, which is the parent company of Witty Yeti, LLC. I declare under penalty of perjury under the laws of the United States and the State of Texas that the foregoing factual statements contained within Section III of *Defendant Witty Yeti, LLC's Special Appearance*, are true and correct to the best of my knowledge, information, and belief based upon a review of information received from my company.

Executed on this 5th day of October, 2021.

_____

DEC2021RAN05 17:00