UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**JANELLE PLUMMER,**

    *Plaintiff*,

v.                                            Case No. SA-21-CV-0966-JKP

**WITTY YETI, LLC and
JOHN DOE,**

    *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court are *Defendant Witty Yeti, LLC's Motion to Dismiss under Rules 12(b)(2) and 12(b)(6)* (ECF No. 3) and *Plaintiff's Motion to Remand* (ECF No. 6). Plaintiff has not filed a response to the motion to dismiss, but Defendant Witty Yeti, LLC, ("Witty") has filed a response (ECF No. 7) to the motion to remand to which Plaintiff has not replied. For the reasons that follow, the Court grants the motion to remand and finds the other motion moot.

### I. BACKGROUND

This case concerns a prank gift that Witty sent to Plaintiff after its purchase by Defendant John Doe. *See* Pls.' Orig. Pet. (ECF No. 1-2). In August 2021, Plaintiff filed suit in state court. *Id*. at 1. She alleges that the "highly inappropriate" gift was humiliating, harassing, and has caused her to be "in constant fear for her own safety as well as the safety of her family." *Id*. ¶¶ 13-15. She asserts claims of intentional infliction of emotional distress and negligence. *Id*. ¶¶ 16-20. She seeks "actual and exemplary damages" as well as her attorney fees. *Id*. at 5. She premises her fee request on Tex. Civ. Prac. & Rem. Code §§ 38.001, 134.005(b). *See id*. She "seeks damages within the jurisdictional limits of the court and monetary relief of $250,000 or less excluding interest, statutory or punitive damages and penalties and attorney fees and costs." *Id*. ¶ 7.

Defendant Witty removed this action on the basis of diversity jurisdiction and alleged that the amount in controversy exceeds $75,000. Notice of Removal (ECF No. 1). It contends that it is facially apparent from Plaintiffs' original petition that the claims likely exceed that jurisdictional amount. *Id*. ¶¶ 14-17. It thereafter moved for dismissal of this action under Fed. R. Civ. P. 12(b)(2) and (6). Plaintiff has not responded to the motion to dismiss. But she has moved to remand this case due to a lack of subject matter jurisdiction and has provided a post-removal affidavit. Witty opposes remand. The motions are ripe for ruling. Given the jurisdictional concerns presented, the Court first addresses the motion to remand.

## II. MOTION TO REMAND

Witty removed this case on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). While not contesting that the parties are diverse, Plaintiff moves to remand the case because the amount in controversy is $75,000 or less. She has attached to her motion an affidavit that she "stipulated that the amount in controversy by me will not exceed $50,000.00 excluding interest and cost."

### A. General Principles

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A "defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (quoting § 1441(a)). The "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id*. There is no dispute, furthermore, that 28 U.S.C. § 1332(a) provides the federal courts with original jurisdiction over all civil actions

between "citizens of different States" when the amount "in controversy exceeds the sum or value of $75,000, exclusive of interest or costs."

A party may move to remand a previously removed case. *See* 28 U.S.C. § 1447(c). "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)). "Any ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). The removing party has the burden to show "that federal jurisdiction exists and that removal was proper." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014) (quoting *Mumfrey*, 719 F.3d at 397).

B. **Amount in Controversy**

Diversity of citizenship between the parties is not at issue here. The parties disagree only as to the amount in controversy. Normally, for purposes of removal, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). This is consistent with non-removed diversity cases. *See Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 87 ("When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith."). An important factor in "determining the amount in controversy" is whether the plaintiff has "demanded a specific amount of damages" in their state petition or complaint. *Scarlott*, 771 F.3d at 888. When the initial pleading demands a specific amount, that sum "is itself dispositive of jurisdiction if the claim is apparently made in good faith." *Id*. (quoting *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1069 (5th Cir. 1984)).

Here, Plaintiff has not demanded a specific damage amount. She instead relies on a range

of damages – $250,000 or less, which is verbatim from Tex. R. Civ. P. 47(c)(1), as amended effective January 1, 2021. Consequently, there is no specific sum demanded that is dispositive of the jurisdictional question. Because the operative state petition "at the time of removal follows Texas mandate of stating a range of damages and does not clearly establish the amount in controversy," the removing party "must prove by a preponderance of the evidence the amount in controversy exceeds $75,000." *Blazejewski v. Allstate Fire & Cas. Ins. Co.*, No. SA-21-CV-0700-JKP, 2021 WL 4173429, at *4 (W.D. Tex. Sept. 14, 2021).

In response to the motion to remand, Witty recognizes its burden, but contends that Plaintiff has neither challenged nor disputed that diversity jurisdiction existed at time of removal. Resp. at 1-3. That contention, however, is based upon Plaintiff's affidavit submitted in support of her motion to remand. *See id*. at 3. The relied-upon portion of the affidavit merely avers that Witty removed this case based on diversity jurisdiction and set out Witty's asserted bases for such jurisdiction. It goes too far to read it as a concession by Plaintiff that diversity jurisdiction existed at the time of removal. Plaintiff's affidavit neither carries nor eliminates Witty's burden. That Plaintiff's motion also recites Witty's reasons for removing this action, *see* Mot. at 2, also cannot be reasonably read as a concession as to the amount in controversy exceeding the federal jurisdictional requirement.

Witty also suggests that the amount Plaintiff has demanded in good faith shall be deemed to be the amount in controversy. In a prior case, the Court discussed this issue at length. *See Medina v. Allstate Vehicle & Prop. Ins. Co.*, 458 F. Supp. 3d 591, 593-97 (W.D. Tex. 2020). There is no need to revisit that discussion. But it is worth noting that, "[w]hen the Court finds that an operative pleading lacks a good faith monetary demand, 28 U.S.C. § 1446(c)(2) no longer deems the demand as the amount in controversy." *See id*. at 596. Given the range of monetary damages requested by

Plaintiff, Defendant cannot rely on § 1446(c)(2) to deem the federal amount-in-controversy requirement satisfied.

Witty further contends that it is facially apparent from the state petition that the amount in controversy exceeds $75,000. Under "well-settled circuit precedent," defendants may "carry their burden regarding the amount in controversy when it is facially apparent from the pleading that the jurisdictional amount is likely satisfied." *Id.* at 599 (citing cases); *accord Davalos v. Allstate Fire & Cas. Ins. Co.*, 522 F. Supp. 3d 240, 246 (W.D. Tex. 2021). But reliance on the face of the pleading is not without risk due in part to uncertainty resulting from "differing opinions as to when the jurisdictional amount is facially apparent from a pleading." *Medina*, 458 F. Supp. 3d at 600.

In isolation, seeking "monetary relief of $250,000 or less" in accordance with Tex. R. Civ. P. 47(c)(1) does not make it facially apparent that the federal jurisdictional amount in controversy is satisfied. Instead, such requested relief is "an amount plausibly below the $75,000 threshold." *Calle Monsalve v. CMG Fin.*, No. EP-21-CV-00058-FM, 2021 WL 2935657, at *2 & n.31 (W.D. Tex. Apr. 30, 2021). Nevertheless, courts may find such facial appearance when considering that stated range in conjunction with the factual allegations and claims asserted in the state petition. *See Blazejewski*, 2021 WL 4173429, at *4; *Valverde v. Maxum Cas. Ins. Co.*, No. 7:21-CV-00240, 2021 WL 3885269, at *10 (S.D. Tex. Aug. 31, 2021). Further, to avoid potential manipulation regarding the amount in controversy,

> if a defendant can show that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint.

*De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995). But "this is not a burden-shifting exercise," because the "plaintiff must make all information known at the time he files the complaint." *Id*. at 1412.

5

Witty argues that "[t]o justify dismissal or remand, it must appear to a legal certainty from the face of the petition or from the evidence that the claim is really for less than the jurisdictional amount." Resp. at 3. The argument, however, skips an important step. Until Witty has "shown by a preponderance of the evidence that the amount in controversy likely exceeds the jurisdictional amount, the Court has no need to consider whether Plaintiff[] can show to a legal certainty that [she] will not be able to recover in excess of that amount." *Medina*, 458 F. Supp. 3d at 601. The Court must first consider what the preponderance of the evidence shows.

As already discussed, Witty relies on the affidavit of Plaintiff as evidence that the amount in controversy exceeds the jurisdictional amount. Because the Court has found that Witty misconstrues that affidavit, the affidavit provides no evidentiary support for Witty's position. Thus, Witty is left with only the face of Plaintiff's state petition. However, the state petition of itself does not carry Witty's burden in this instance. The factual allegations and the nature of the asserted claims and damages do not show that the amount in controversy likely exceeds $75,000. That likelihood, furthermore, is not enhanced by the request for monetary damages in an amount less than $250,000 in accordance with Tex. R. Civ. P. 47(c)(1).

"Similarly, without 'evidence of potential actual damages in the case, the Court has no way to estimate the potential for an award of exemplary damages.'" *Id*. at 600 (quoting *Educ. Mgmt. Servs., LLC v. Yackey*, No. CV SA-15-CA-0044-XR, 2015 WL 13047863, at *2 (W.D. Tex. Mar. 25, 2015)). Simply asserting a claim for exemplary damages does not make it facially apparent that the amount in controversy requirement is satisfied. *See id*.

Furthermore, although a claim for attorney fees can be "included as part of the amount in controversy," the state petition must allege "facts that, if proven, would give rise to a claim for attorney's fees under" a state statute providing for such fees. *Manguno v. Prudential Prop. & Cas.*

*Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Here, Plaintiff relies on two state statutes for attorney fees – Tex. Civ. Prac. & Rem. Code § 38.001 and § 134.005(b). But neither statute provides a basis for fees given the claims asserted (negligence and intentional infliction of emotional distress) in this case. Section 134.005(b) provides for fees only for suits under Chapter 134, which is the Texas Theft Liability Act. And § 38.001 provides for fees only for specified types of claims that are not raised in this case. Because the face of Plaintiff's state petition does not show any viable basis for attorney fees on her asserted claims, the claim for fees does not add to the likelihood that the amount in controversy exceeds $75,000.

Witty has not carried its burden to show that the amount in controversy likely exceeds the amount required for diversity jurisdiction. It has thus not carried its burden to establish that federal jurisdiction exists or that removal was proper in this case.

At most, the state petition was ambiguous as to the amount in controversy at the time of removal. "But such ambiguity is construed against removal and in favor of remand." *Medina*, 458 F. Supp. 3d at 601. While "[a]n affidavit limiting damages that is filed after removal is irrelevant to the court's analysis," absent an ambiguous jurisdictional basis, *see Blazejewski*, 2021 WL 4173429, at *3, the ambiguity in this case "would permit the Court to consider the post-removal stipulation to the extent it relates to the jurisdictional facts at the time of removal," *Medina*, 458 F. Supp. 3d at 601 (citing *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *'Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *abrogated on other grounds by Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998)). Post-removal stipulations may clarify a jurisdictionally ambiguous state petition especially when, as here, no defendant has made any attempt to rebut the valuation of the case as shown in the submitted stipulation regarding the

amount in controversy. *See id*. (citing *ANPAC*, 988 F.2d at 566).

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** *Plaintiff's Motion to Remand* (ECF No. 6) and **ORDERS** that this case be remanded to the 45th Judicial District Court of Bexar County, Texas, Cause Number 2021-CI-17456. Because it has found that it lacks jurisdiction over this case, the Court **FINDS MOOT** *Defendant Witty Yeti, LLC's Motion to Dismiss under Rules 12(b)(2) and 12(b)(6)* (ECF No. 3). By separate document, the Court will issue an order remanding this case.

**IT IS SO ORDERED.**

**SIGNED this 6th day of December 2021.**

_____
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**